11/20/2019 5:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38674515
By: Courtni Gilbert
Filed: 11/20/2019 5:01 PM

CAUSE NO. __2019-83847__

| | | |
|---|---|---|
| **SB & SA INVESTMENTS, LLC D/B/A SUN MART 153,** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| vs. | § § | **OF HARRIS COUNY, TEXAS** |
| **GREAT LAKES INSURANCE SE AND UNDERWRITERS AT LLOYDS, LONDON,** | § § § § | |
| *Defendants.* | § § | 295th **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff SB & SA INVESTMENTS, LLC D/B/A SUN MART 153, and complains of Defendants GREAT LAKES INSURANCE SE AND UNDERWRITERS AT LLOYDS, LONDON ("GREAT LAKES AND UNDERWRITERS"). In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I.  DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiff affirmatively pleads this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiff seeks monetary relief over $100,000.

### II.  PARTIES

2.1     Plaintiff, SB & SA INVESTMENTS, LLC D/B/A SUN MART 153, is a limited liability company whose principal place of business is in Harris Couny, Texas.

2.2     Defendant, GREAT LAKES INSURANCE SE is a foreign insurance company engaged in the business of insurance in this state. Defendant does not maintain an agent for

**EXHIBIT A**

service with the Texas Department of Insurance ("TDI").  However, in its Policy of Insurance issued to Plaintiff, it did identify an agent for service of process.  Therefore, in accordance with that Policy, Defendant may be served with process by serving the citation and a copy of this Petition with Discovery, by certified mail return receipt requested, on Mendes and Mount, located at 750 Seventh Avenue, New York, New York, 10019-6829, or wherever it may be found,  c/o the Texas Commissioner of Insurance, Chief Clerk Office, located at 333 Guadalupe MC 113-2A, P.O. Box 149104, Austin, Texas 78714-9104, or wherever it may be found. Plaintiff requests citation be issued and E-served to Plaintiff's attorney's office at this time.

2.3     Defendant, UNDERWRITERS AT LLOYDS, LONDON, is a foreign insurance company engaged in the business of insurance in this state.  Defendant does not maintain an agent for service with the Texas Department of Insurance ("TDI").  However, in its Policy of Insurance issued to Plaintiff, it did identify an agent for service of process.  Therefore, in accordance with that Policy, Defendant may be served with process by serving the citation and a copy of this Petition with Discovery, by certified mail return receipt requested, on Mendes and Mount, located at 750 Seventh Avenue, New York, New York, 10019-6829, or wherever it may be found, c/o the Texas Commissioner of Insurance, Chief Clerk Office, located at 333 Guadalupe MC 113-2A, P.O. Box 149104, Austin, Texas 78714-9104, or wherever it may be found.  Plaintiff requests citation be issued and E-served to Plaintiff's attorney's office at this time.

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Harris Couny, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this

lawsuit is located in Harris County, Texas.

## IV.  AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such a thing.  It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## V.  CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

## VI.  FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Commercial Lines Policy number GK18390621914 issued by GREAT LAKES and UNDERWRITERS (the "Policy").

6.2     Plaintiff owns the insured property, which is specifically located at 4605 West Tidwell Road, Houston, Texas 77091 (the "Property").

6.3     GREAT LAKES and UNDERWRITERS, or their agent(s), sold the Policy, insuring and covering the Property against damages to Plaintiff.

6.4     On or about April 10, 2018 and December 25, 2018, Plaintiff experienced two separate instances of Property damage brought about by the actions of third parties.  Specifically, on April 10, 2018, a third party drove a vehicle through the wall of the Property, striking load-bearing support beams for the structure.  On December 25, 2018, there was an attempted armed robbery that damaged the Property from the perpetrator firing a weapon into the building and customers fleeing into the ceiling crawl spaces and HVAC system.

6.5     Plaintiff   timely   submitted   both   claims   to   GREAT   LAKES   and

UNDERWRITERS.  GREAT LAKES and UNDERWRITERS assigned various adjusters to adjust the claims.  However, GREAT LAKES and UNDERWRITERS and their agents were not diligent in investigating Plaintiff's losses.  GREAT LAKES and UNDERWRITERS failed to timely and accurately investigate the covered losses.  GREAT LAKES and UNDERWRITERS assigned claim numbers MDC 46234 and MDC 47854, respectively to Plaintiff's claims.

6.6    Ultimately, GREAT LAKES and UNDERWRITERS, inspected Plaintiff's property after the claimed damages.    During the inspection, GREAT LAKES and UNDERWRITERS, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including determining the cause of, and then quantifying the damage done to Plaintiff's business.

6.7    GREAT LAKES and UNDERWRITERS prepared repair estimates which did not account for all of the covered damages.  Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendants GREAT LAKES and UNDERWRITERS demonstrated they did not conduct a thorough investigation of the claims.

6.8    Defendants GREAT LAKES and UNDERWRITERS failed to fairly evaluate and adjust Plaintiff's claims as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claims and wrongfully denying full coverage to Plaintiff, GREAT LAKES and UNDERWRITERS engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9    Defendants GREAT LAKES and UNDERWRITERS failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendants GREAT LAKES and UNDERWRITERS failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by Plaintiff. Defendants GREAT LAKES and UNDERWRITERS's conduct constitutes a material breach of the insurance contract.

6.10    Defendants GREAT LAKES and UNDERWRITERS misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11    Defendants GREAT LAKES and UNDERWRITERS's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff. Defendants' conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12    Defendants GREAT LAKES and UNDERWRITERS failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendants GREAT LAKES and UNDERWRITERS failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims, in violation of Tex. Ins. Code § 541.060(a)(3).

6.14    Defendants GREAT LAKES and UNDERWRITERS failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices

specified in Tex. Ins. Code § 541.060(a)(4).

6.15    Defendants GREAT LAKES and UNDERWRITERS refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants GREAT LAKES and UNDERWRITERS performed a results/outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.  Defendants' conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16    Defendants GREAT LAKES and UNDERWRITERS misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law;  and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendants GREAT LAKES and UNDERWRITERS failed to meet their obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated deadline.  Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18    Defendants GREAT LAKES and UNDERWRITERS failed to accept or deny the Plaintiff's full and entire claims within the statutory mandated deadline of receiving all necessary

information.   Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19    Defendants GREAT LAKES and UNDERWRITERS failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claims.  Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claims were presented to Defendants GREAT LAKES and UNDERWRITERS, the liability of Defendants to pay the full claims in accordance with the terms of the Policy was reasonably clear.  However, Defendants GREAT LAKES and UNDERWRITERS has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.  On or about July 16, 2019, Plaintiff's counsel sent a letter of representation requesting various documents related to the property damage including a certified true copy of the complete policy covering the property on the dates of loss, with all endorsements.

6.22    On or about July 31, 2019, Plaintiff's counsel sent a Texas Insurance Code 542A Notice and Texas Deceptive Trade Practices Act ("DTPA") Demand letter to the Defendants. The letter gave Defendants a statement of the acts or omissions giving rise to the claims and included the specific amount alleged to be owed by the insurer on the claims for damage to or

loss of a covered property, as well as the amount of reasonable and necessary attorney's fees incurred by Plaintiff as of the date of the Notice.   The letter also informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claims and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations.   The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claims without extended litigation costs.   The letter was submitted with a line-itemed Xactimate damage estimate with color photos, detailing the exact damages at the Property and the costs to repair it.   It was also submitted with an engineer report detailing the damages to the Property and the cause and origin of the same, along with a letter with charts from a Certified Public Accountant showing the loss of income to Plaintiff from the damages.   Defendants acknowledged the letter and requested a re-inspection – which took place on September 9, 2019. Defendants then maintained their previous claims stance and denied the Demand in its entirety in a letter to the Plaintiff's counsel dated November 13, 2019; satisfying the sixty-one day statutory notice requirement, as well as the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claims before a Petition is to be filed.

      6.23    To date, Defendants GREAT LAKES and UNDERWRITERS have failed to and refused to pay Plaintiff for the proper repair of the property.   Plaintiff's experience is not an isolated case.   The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim.   Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII.  COUNTS

7.1    Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2    **COUNT 1 – BREACH OF CONTRACT**

a.    At the time of the loss, Plaintiff had a valid, enforceable insurance contract in place, issued by Defendants (the "Policy").  Plaintiff was the insured of the contract. Plaintiff fully performed its contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.    According to the Policy that Plaintiff purchased, Defendants GREAT LAKES and UNDERWRITERS had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As a result of these damages, which result from covered perils under the Policy, the Plaintiff's business has been damaged.

c.    Defendants GREAT LAKES and UNDERWRITERS's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendants GREAT LAKES and UNDERWRITERS's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendants' actions.

7.3    **COUNT 2 –  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.    Under the Texas Insurance Code, Defendants GREAT LAKES and UNDERWRITERS had a duty to investigate and pay Plaintiff's claims under the Policy

in a timely manner. Defendants GREAT LAKES and UNDERWRITERS violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing their investigation of the claims; (2) requesting information needed to investigate the claims; (3) communicating with their insured regarding the status of their investigation, including failing to accept or reject Plaintiff's claims in writing within the statutory timeframe; (4) conducting their investigation of the claims; and (5) paying the claims.

b.      All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this Petition. Defendants GREAT LAKES and UNDERWRITERS are therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.      Additionally, if it is determined Defendants GREAT LAKES and UNDERWRITERS owe Plaintiff any additional money on Plaintiff's claims, then Defendants have automatically violated Chapter 542 in this case.

7.4      **COUNT 3 –   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a.      As an insurer, Defendants GREAT LAKES and UNDERWRITERS owe statutory duties to Plaintiff as their insured. Specifically, the Texas Insurance Code prohibits Defendants GREAT LAKES and UNDERWRITERS from engaging in any unfair or deceptive act or practice in the business of insurance.

b.      By its acts, omissions, failures, and conduct, Defendants GREAT LAKES and UNDERWRITERS have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition, plus Defendants' unreasonable delays and under-scoping in the investigation, adjustment, and

resolution of the Plaintiff's claims, plus Defendants' failure to pay for the proper repair of the Plaintiff's business on which liability had become reasonably clear.   They further include Defendants' failure to give Plaintiff the benefit of the doubt.   Specifically, Defendants GREAT LAKES and UNDERWRITERS are guilty of the following unfair insurance practices:

        i.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

        ii.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability had become reasonably clear;

        iii.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claims or for the offer of a company's settlement;

        iv.      Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time;

        v.      Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and

        vi.      Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material

misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.     Defendants GREAT LAKES and UNDERWRITERS have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this Petition.

d.     All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this Petition and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

**7.5     COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.     Plaintiff is a limited liability company who sought and acquired a good, Policy that is the subject of the suit, by purchase, from the Defendants.  Plaintiff also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods," as defined by the DTPA. This qualifies Plaintiff as a consumer of goods and services provided by Defendants as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code.  The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendants' violations of the DTPA include without limitation, the following matters.

b.     By its acts, omissions, failures, and conduct that are described in this Petition, Defendants GREAT LAKES and UNDERWRITERS have committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11),

(12), (13), (20), and (24) of the DTPA.  In this respect, Defendants' violations include without limitation:

      i.     Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claims, during which Defendants employed a series of alleged "independent adjusters" under the control of Defendants, that caused confusion to Plaintiff as to whom was representing whom and had whose best interests in mind.   This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

      ii.     As described in this Petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics, uses, or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

      iii.     As described in this Petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting, and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

      iv.     As described in this Petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

      v.     Defendants knowingly made false or misleading statements of fact concerning the need for certain building repairs, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

      vi.     Defendants breached an express and / or implied warranty that the

damage caused by the subject property damage would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii. Defendants failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii. Defendants' actions, as described in this Petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

ix. Defendants' conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this Petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

7.6 **COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

a. By its acts, omissions, failures, and conduct, Defendants have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claims, and by failing to settle Plaintiff's claims because Defendants knew or should have known that it was reasonably clear that the claims were covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

7.7 **COUNT 6 – MISREPRESENTATION**

a. Defendants GREAT LAKES and UNDERWRITERS are liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendants GREAT LAKES and UNDERWRITERS did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendants GREAT LAKES and UNDERWRITERS or their agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to Plaintiff's detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendants GREAT LAKES and UNDERWRITERS are liable for these actual consequential and penalty-based damages.

## VIII.  WAIVER AND ESTOPPEL

8.1 Defendants are waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter

to the Plaintiff.

### IX.  DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this Petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $1,000,000.00.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's business, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, (4) loss of revenue and income, and (5) attorney's fees.  Plaintiff is entitled to recover consequential damages from Defendants' breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claims plus interest on the amount of the claims, under Chapter 542 of the Texas Insurance Code, as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003 of the Texas Finance Code, accruing beginning on the date the claims were required to be paid.  This interest is in addition to prejudgment interest.

9.3     Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages. Plaintiff is further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4     Defendants' breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined

in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.   Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendants for its wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## X.  ATTORNEY'S FEES

10.1    As a result of Defendants' conduct that is described in this Petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1    Under the Texas Rule of Civil Procedure 194, the Defendants are requested to separately disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l).   Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this Petition and incorporated herein by reference.

## XII.  JURY DEMAND

12.1    Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff SB & SA INVESTMENTS, LLC D/B/A SUN MART 153 prays that Defendants GREAT LAKES INSURANCE SE AND UNDERWRITERS AT LLOYDS, LONDON  be cited to appear and answer herein, and that

upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: _/s/ Jesse S. Corona_

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Telephone:  281-882-3531
Facsimile:  713-678-0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**